DON E. LANSON, SBN 163414
MANFREDI, LEVINE, ECCLES & MILLER, APC
3262 E. Thousand Oaks Blvd., Suite 200
Westlake Village, CA 91362-3400
Tele: (805) 379-1919/ Fax: (805) 379-3819

Attorneys for Defendant,
TROOP REAL ESTATE, INC.
dba LUXURY AT A FRACTION

FILED
JAN - 3 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT K. VICINO, an individual; and FRACTIONAL VILLAS, INC., a California corporation,<br><br>     Plaintiffs,<br>vs.<br><br>LUXURY AT A FRACTION, an unknown entity; and TROOP REAL ESTATE, INC., a California corporation; and, DOES 1 through 25, inclusive,<br><br>     Defendants. | Case No.: 07CV 2185 W CAB<br><br>JUDGE: The Hon. Thomas J. Whelan<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF**<br><br>Date: February 11, 2008<br>Time: 10:30 a.m.<br>Crtrm.: 7 |

Defendant TROOP REAL ESTATE, INC. dba LUXURY AT A FRACTION ("Defendant") hereby submits the following memorandum of points and authorities in support of its motion to strike portions of the complaint filed by Plaintiffs ROBERT K. VICINO and FRACTIONAL VILLAS, INC. ("Plaintiffs"):

///

## I.

## PLAINTIFFS' ALLEGATIONS

Plaintiff ROBERT K. VICINO ("Vicino") alleges that he is the author of Copyright Registration No. EX-6-613-055, entitled "FractionalVillas.com website (www.fractionalvillas.com". (Complaint, ¶ 10). Vicino alleges that he licensed the subject Copyright to Plaintiff FRACTIONAL VILLAS, INC. ("FVI"), and, as the licensee, FVI is the Copyright Claimant. (Complaint, ¶¶ 10, 13).

Plaintiffs further allege that Defendant is the author of the copyrighted work on the website www.luxuryatafraction.com. Plaintiffs generally allege that Defendant has infringed on Plaintiffs' copyright by copying Plaintiffs' copyrighted material located on www.fractionalvillas.com and reproducing the material on Defendant's website. (Complaint, ¶¶ 15, 21, 29). As a result, by way of the first cause of action, Plaintiffs allege that Defendant has infringed on their registered copyright.

In addition, Plaintiffs contend that Defendant's intentional infringement constitutes unfair competition under federal law (Second Cause of Action) and California law (Third Cause of Action). Plaintiffs seek the recovery of punitive damages under the Second and Third Causes of Action and under paragraph 9 of the Prayer for Relief, however, the allegations in Plaintiffs' complaint are insufficient, as a matter law, to support a claim for punitive damages.

## II.

## LEGAL STANDARD FOR MOTION TO DISMISS UNDER RULE 12(f).

Under *Federal Rules of Civil Procedure* 12(f), a party may move to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." In that connection, a motion to strike may be used to strike the prayer for relief where damages sought are not recoverable as a matter of law. *Paley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, fn. 34 (C.D. Ca. 1996).

/ / /

## III.

## UNDER CALIFORNIA LAW, THE ALLEGATIONS SET FORTH IN COMPLAINT ARE INSUFFICIENT TO SUPPORT A PRAYER FOR PUNITIVE DAMAGES AGAINST THE CORPORATE DEFENDANT.

Plaintiffs seek the recovery of punitive damages pursuant to *California Civil Code* Section 3294. However, *California Civil Code* Section 3294(b) provides that punitive damages may not be recovered against a corporate defendant absent advance knowledge and conscious disregard, ratification or act of oppression, fraud or malice on the part of an officer, director, or managing agent of the corporation. A motion to strike allegations pertaining to punitive damages should be granted when a "plaintiff has not pleaded that acts of employees of defendant corporation were done with the knowledge or under the express direction or ratification of an officer, director or managing agent of the corporation so as to justify exemplary damages against the corporation." *Scannell v. County Riverside* (1984) 152 Cal.App.3d 596, 614. Given that Defendant is a corporate defendant, the Complaint does not comply with the criteria stated in Section 3294(b) in any respect. There are no allegations in the Complaint against any officer, director and/or managing agent of Defendant.

The California Supreme Court confirmed in *White v. Ultramar*, 21 Cal.4th 563 (1999), that punitive damages may not be recovered against a corporation under *Civil Code* Section 3294 based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. The Court held:

> After Egan, supra, 24 Cal.3d 809, 169 Cal.Rptr. 691, 620 P.2d 141, and Agarwal, supra, 25 Cal.3d 932, 160 Cal.Rptr. 141, 603 P.2d 58, the Legislature drafted Senate Bill No.1989 (1979-1980 Reg. Sess.) to codify and refine further the requirements for employer punitive damages liability. The new amendment added subdivision (b) to section 3294. (Stats.1980, ch. 1242, § 1, p. 4217.) Following

subsequent minor amendments, the statute now states in pertinent part: "An employer shall not be liable for [punitive] damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. <u>With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.</u>" (§ 3294, subd. (b), italics added.) The drafters' goals were to avoid imposing punitive damages on employers who were merely negligent or reckless and to distinguish ordinary respondeat superior liability from corporate liability for punitive damages. (See <u>Weeks v. Baker & McKenzie</u> (1998) 63 Cal.App.4th 1128, 1150-1151, [74 Cal.Rptr.2d 510]; see also <u>College Hospital, Inc. v. Superior Court</u> (1994) 8 Cal.4th 704, 712-713 [34 Cal.Rptr.2d 898, 882 P.2d 894] [noting that, after 1979, the Legislature limited circumstances under which an employer could be held liable for punitive damages].) Section 3294 is no longer silent on who may be responsible for imputing punitive damages to a corporate employer. <u>For corporate punitive damages liability, section 3294, subdivision (b), requires that the wrongful act giving rise to the exemplary damages be committed by an "officer, director, or managing agent."</u> Id. at 571-573. (emphasis added).

Based upon the foregoing, the Plaintiff's conclusory allegations are deficient as a matter of law as they do not identify any officer, director or managing agent of Defendant who allegedly had advance knowledge of, authorized or ratified any alleged wrongful conduct.

## IV.

## CONCLUSION

Based on the above, Defendant respectfully requests that the court grant its motion to strike the following portions of the Complaint:

1. Paragraph 38 of the Complaint seeking the recovery of exemplary and punitive damages;

2. Paragraph 45 of the Complaint seeking the recovery of exemplary and punitive damages;

3. Paragraph 9 of the Complaint under the Prayer for Relief seeking the recovery of punitive damages.

Dated: January 2, 2008

MANFREDI, LEVINE, ECCLES & MILLER, APC

BY: _____
DON E. LANSON
Attorneys for Defendant,
TROOP REAL ETATE, INC. dba
LUXURY AT A FRACTION

## PROOF OF SERVICE

COUNTY OF VENTURA )
) ss.
STATE OF CALIFORNIA )

I, the undersigned, hereby declare that: I am over the age of 18 and not a party to the within action. I am employed in the County of Ventura, State of California. My business address is Manfredi, Levine, Eccles & Miller, APC, 3262 E. Thousand Oaks Boulevard, Suite 200, Westlake Village, California 91362.

On January 2, 2008 I served the foregoing document(s) described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFFS COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF**

on the interested parties by placing a true copy thereof in a sealed enveloped addressed as follows:

> Henry Harmeling IV, Esq.
> **LAW OFFICES OF HENRY HARMELING IV, APC**
> 550 W. C St., Suite 2000
> San Diego, CA 92101

in the following manner:

[X] **VIA U. S. MAIL:** I deposited such envelope(s) with postage thereon fully prepaid, in the United States Mail at Westlake Village, California.

[ ] **VIA FACSIMILE:** I delivered said document(s) by facsimile transmission to the above telephone fax number(s).

[ ] **VIA FEDERAL EXPRESS**: I shipped said document(s) FedEx Priority Overnight by Federal Express in an envelope/package designated by Federal Express addressed to the above person(s) to be served.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration is executed on January 2, 2008, at Westlake Village, California.

*Theresa Hertz*
Theresa Hertz