DON E. LANSON, SBN 163414
dlanson@mlem.com
MANFREDI, LEVINE, ECCLES & MILLER, APC
3262 E. Thousand Oaks Blvd., Suite 200
Westlake Village, CA 91362-3400
Tele: (805) 379-1919/ Fax: (805) 379-3819

Attorneys for Defendant,
TROOP REAL ESTATE, INC.
dba LUXURY AT A FRACTION

FILED
JAN -3 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT K. VICINO, an individual; and FRACTIONAL VILLAS, INC., a California corporation,<br><br>Plaintiffs,<br>vs.<br><br>LUXURY AT A FRACTION, an unknown entity; and TROOP REAL ESTATE, INC., a California corporation; and, DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO.: 07CV 2185 W CAB<br><br>JUDGE: The Hon. Thomas J. Whelan<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>[Notice of Motion Submitted Concurrently Herewith]<br><br>Date:<br>Time:<br>Crtrm.: |

Defendant TROOP REAL ESTATE, INC. dba LUXURY AT A FRACTION ("Defendant") hereby submits the following Memorandum of Points and Authorities in support of its motion to dismiss the Complaint filed by Plaintiffs ROBERT K. VICINO ("Vicino") and FRACTIONAL VILLAS, INC. ("FVI") (collectively "Plaintiffs"), as follows:

/ / /

/ / /

/ / /

/ / /

1

# MEMORANDUM POINTS AND AUTHORITIES

## I.

## PLAINTIFFS' ALLEGATIONS

Vicino alleges that he is the author of Copyright Registration No. EX-6-613-055, entitled "FractionalVillas.com website www.fractionalvillas.com". (Complaint, ¶ 10). Vicino alleges that he licensed the subject Copyright to FVI and, as the licensee, FVI is the Copyright Claimant. (Complaint, ¶¶ 10, 13).

Plaintiffs further allege that Defendant is the author of the copyrighted work on the website www.luxuryatafraction.com. Plaintiffs generally allege that Defendant has infringed on Plaintiffs' copyright by copying Plaintiffs' copyrighted material located on www.fractionalvillas.com and reproducing the material on Defendant's website. (Complaint, ¶¶ 15, 21, 29). As a result, and by way of the first cause of action, Plaintiffs allege that Defendant has infringed on their registered copyright.

Plaintiffs then contend that Defendant's intentional infringement constitutes unfair competition under federal law (Second Cause of Action) and California law (Third Cause of Action). The Second and Third Causes of Action are thus based entirely on Plaintiffs' allegations of intentional copyright infringement.

As set forth below, Plaintiffs' cause of action for copyright infringement fails to state a claim upon which relief can be granted, in that Plaintiffs fail to allege any date or dates on or during which the alleged infringement occurred. Inasmuch as Plaintiffs remaining causes of action are based on Defendant's alleged infringement, those causes of action necessarily fail to state a claim upon which relief can be granted.

## II.

## A MOTION TO DISMISS UNDER RULE 12(b)(6) SHOULD BE GRANTED WHERE THERE IS AN ABSENCE OF SUFFICIENT FACTS ALLEGED UNDER A COGNIZABLE LEGAL THEORY.

A motion to dismiss under *Rule of Civil Procedure* 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or there is an "absence of sufficient facts

alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether the plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996).

## III.

## PLAINTIFFS' CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT FAILS TO ALLEGE SUFFICIENT FACTS UPON WHICH A CLAIM FOR RELIEF CAN BE GRANTED.

In order to plead a cause of action for copyright infringement, a plaintiff must allege, among other things, ownership of an original work of authorship whose term of protection has not expired and identify both the work alleged to have been infringed and the infringing work. *Mid America Title Co. v. Kirk*, 991 F.2d 417, 421-422 (7th Cir. 1993), *cert. denied*, 510 U.S. 932, 114 S.Ct. 346 (1993); 5 *Patry on Copyright* §§ 19:5, 19:6. In addition, a complaint for copyright infringement must allege specifically either dates that fall within the applicable three-year limitations period or otherwise allege facts which show that the alleged infringement occurred within that period. *See Lennon v. Seaman*, 2002 Copr. L. Dec. P 28375, 2002 WL 109525 (S.D.N.Y. 2002); 5 *Patry on Copyright* § 19:12. The plaintiff must allege specific dates within the limitations period in conjunction with particular infringing acts and works. *See Carell v. Shubert Organization, Inc.*, 104 F.Supp.2d 236, 251 (S.D.N.Y. 2000); 5 *Patry on Copyright* § 19:12. Absence of pleading the date or dates of infringement will subject a complaint to dismissal pursuant to Rule 12(b)(6), or for a more definite statement pursuant to *Federal Rule of Civil Procedure* 12(e). 5 *Patry on Copyright* § 19:12.

In the present case, Plaintiffs have failed to allege specifically the date or dates of Defendant's alleged infringing conduct. Plaintiffs generally allege that Defendant

copied portions of Plaintiffs' copyrighted website and then incorporated those portions into Defendant's own website, however, Plaintiffs fail to allege when the alleged unauthorized reproduction occurred. There is simply no way for Defendant to glean from the four corners of the complaint when the alleged infringement occurred.

Based on the foregoing authority and facts, Plaintiffs' first cause of action for copyright infringement fails to state a claim upon which relief can be granted.

## IV.
## AS PLAINTIFFS' SECOND AND THIRD CAUSES OF ACTION FOR UNFAIR COMPETITION ARE BASED ON A DEFECTIVELY PLED COPYRIGHT INFRINGEMENT CLAIM, THOSE CAUSES OF ACTION SIMILARLY FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Plaintiffs' second cause of action for unfair competition under federal law and second cause of action for unfair competition under California law arise "out of the same operative facts as the federal copyright infringement claim . . . ." (Complaint, ¶¶ 35, 41). Because Plaintiffs' claim for federal copyright infringement is defectively pled, Plaintiffs' second and third causes of action necessarily fail to state a claim upon which relief can be granted.[1]

///
///

---

[1] It should also be noted that a cause of action for unfair competition pursuant to *California Business and Professions Code* §§ 17200 *et seq.* must be pled with particularity. Because the statute is so broad-sweeping and remedial, the courts have required that a complainant seeking to state a claim for unfair competition plead the claim with specificity. *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619 (1993).

## V.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss should be granted, in its entirety.

Dated: January 2, 2008

MANFREDI, LEVINE, ECCLES & MILLER, APC

BY: _____
DON E. LANSON
Attorneys for Defendant,
TROOP REAL ETATE, INC. dba
LUXURY AT A FRACTION

# PROOF OF SERVICE

COUNTY OF VENTURA   )
                    ) ss.
STATE OF CALIFORNIA )

I, the undersigned, hereby declare that: I am over the age of 18 and not a party to the within action. I am employed in the County of Ventura, State of California. My business address is Manfredi, Levine, Eccles & Miller, APC, 3262 E. Thousand Oaks Boulevard, Suite 200, Westlake Village, California 91362.

On January 2, 2008 I served the foregoing document(s) described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

on the interested parties by placing a true copy thereof in a sealed enveloped addressed as follows:

Henry Harmeling IV, Esq.
**LAW OFFICES OF HENRY HARMELING IV, APC**
550 W. C St., Suite 2000
San Diego, CA 92101

in the following manner:

[X] **VIA U. S. MAIL:** I deposited such envelope(s) with postage thereon fully prepaid, in the United States Mail at Westlake Village, California.

[ ] **VIA FACSIMILE:** I delivered said document(s) by facsimile transmission to the above telephone fax number(s).

[ ] **VIA FEDERAL EXPRESS**: I shipped said document(s) FedEx Priority Overnight by Federal Express in an envelope/package designated by Federal Express addressed to the above person(s) to be served.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration is executed on January 2, 2008, at Westlake Village, California.

_____
Theresa Hertz