Henry Harmeling IV, State Bar No. 207673
LAW OFFICES OF HENRY HARMELING IV, APC
550 W. C St., Suite 2000
San Diego, California 92101
EMAIL: hh@hh4law.com
TEL: (619) 814-3505
FAX: (858) 408-2405

Attorneys for Plaintiffs ROBERT K. VICINO and FRACTIONAL VILLAS, INC.

### UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT K. VICINO, an individual; and FRACTIONAL VILLAS, INC., a California corporation,<br><br>　　　Plaintiffs,<br><br>v.<br><br>LUXURY AT A FRACTION, an unknown entity; TROOP REAL ESTATE, INC., a California corporation; and DOES 1-25,<br><br>　　　Defendants. | Case Number:<br><br>Dept.:<br>Judge:<br><br>**FIRST AMENDED COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF FOR:**<br>1. **INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. TX-6-613-055;**<br>2. **FEDERAL UNFAIR COMPETITION VIOLATIONS;**<br>3. **CALIFORNIA STATE UNFAIR COMPETITION VIOLATIONS**<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiffs ROBERT K. VICINO and FRACTIONAL VILLAS, INC. (collectively "Plaintiffs") allege as follows:

## PARTIES

1.　Plaintiff ROBERT K. VICINO ("Vicino") is, and at all relevant times was, an individual residing in Del Mar, California.

2.　Plaintiff FRACTIONAL VILLAS, INC. ("FVI") is, and at all relevant times was, a corporation organized and existing under the laws of California and has its principal place of business in Del Mar, California.

///

1

3. On information and belief, Defendant LUXURY AT A FRACTION ("LAAF") is a business entity of unknown form and has its principal place of business at 3200 Los Angeles Ave. in Simi Valley, California. Upon information and belief, Plaintiffs allege LAAF is doing business throughout California including, but not limited to, the Southern District of California.

4. On information and belief, Defendant TROOP REAL ESTATE, INC. ("Troop") is a corporation organized and existing under the laws of California and has its principal place of business at at 3200 Los Angeles Ave. in Simi Valley, California. Upon information and belief, Plaintiffs allege Troop is doing business in several districts throughout California including, but not limited to, the Southern District of California.

5. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment. Plaintiffs are informed and believe and thereon allege that at all relevant times each of the Defendants actively participated in or subsequently ratified or adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances including, but not limited to, full knowledge of each and all of the violations of Plaintiffs' rights and the damages to Plaintiffs caused thereby.

## JURISDICTION

6. This action arises under the copyright laws of the United States, 17 U.S.C. §§ 101 et seq., and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

7. Personal jurisdiction over LAAF and Troop (collectively, "Defendants") is based on Defendants' transaction of business in this jurisdiction as recited herein and the Defendants' causing tortious injury in this jurisdiction as recited herein. Upon information and belief, Plaintiffs allege that Defendants are conducting commercial activities in numerous districts throughout the United States including, but not limited to, the Southern District of California. Upon information and belief, personal jurisdiction in this District is proper because the Defendants, willfully and without consent or permission of the copyright owner, disseminated over the Internet copyrighted works owned and/or controlled by Plaintiffs.

LAW OFFICES OF HENRY HARMELING IV, APC
550 W. C St., Suite 2000
San Diego, California 92101
Telephone: (619) 814-3505
Facsimile: (858) 408-2405

8.   On information and belief, Defendants knew the Plaintiffs' principal place of business is in the Southern District of California. On information and belief, Defendants' illegal dissemination of Plaintiff's copyrighted work occurred in every jurisdiction in the United States, including this one.

## VENUE

9.   Venue is proper in this court under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(a) as Defendants have purposefully directed activities at this forum, including willfully infringing Plaintiff's copyright with knowledge that Plaintiff's principal place of business is in the forum. Moreover, pursuant to 28 U.S.C. § 1400(b), Defendants have done and continue to do business in this District, and the claims asserted herein arise in substantial part from events that took place and are taking place in this district. Defendants market, advertise, and sell fractional ownership of properties to consumers and businesses in the Southern District of California.

## ALLEGATIONS IN SUPPORT OF ALL CLAIMS

10.   Vicino is the author of Copyright Registration No. TX-6-613-055, entitled "Fractional Villas.com website (www.fractionalvillas.com)" ("the Copyright"). (See Exhibit "A.") FVI is the Copyright Claimant. The Copyright was filed October 11, 2007, and the registration became effective the same date. The Copyright pertains to a web site offering fractional ownership in luxury properties. Both the web site content and source code are contained in the Copyright.

11.   The works protected by Copyright Registration No. TX-6-613-055 are original works of authorship fixed in a tangible medium of expression that contain a substantial amount of material created by the skill, labor, and judgment of Vicino.

12.   Plaintiffs Vicino and FVI have complied in all respects with the Copyright Laws of the United States and received from the Register of Copyrights the certificate of registration for Copyright No. TX-6-613-055.

13.   The Copyright is licensed solely and exclusively by Vicino to FVI, which markets, advertises, and sells fractional ownership in luxury properties on www.fractionalvillas.com.

14.   On information and belief, Defendants have claimed authorship of the copyrighted work on www.luxuryatafraction.com.

///

15. Defendants have infringed Plaintiff's copyright registration of United States Copyright No. TX-6-613-055 by reproducing the work protected by the Copyright and incorporating that work, or significant portions thereof, into Defendants' Internet site and/or Internet sites under Defendants' dominion and control.

16. Defendants do not have permission or license from Plaintiff to use any portion of the Copyright protected by United States Copyright Registration No. TX-6-613-055.

17. Defendants have derived and are deriving economic benefit from the infringement of United States Copyright Registration No. TX-6-613-055, and Plaintiffs have been damaged and continue to be damaged by Defendants' infringement. Defendants' infringement of the Copyright has diverted potential customers away from FVI's Internet site. Defendants posted the copyrighted work on the web site www.luxuryatafraction.com to earn income from the sale of fractional ownership in luxury properties.

18. Defendants' infringement is exacerbated by the fact that the infringing web site was indexed by major search engines Google and Yahoo, and broadcast worldwide in response to key word searches, and thus comes into direct competition with Vicino's original work for visitors and buyers. FVI's business and reputation were irreparably harmed by the confusion caused by the dual publication of the infringed material through web search engine results from Google, Yahoo, et al.

19. In or about August 2005, Plaintiffs first published the material that would become the basis for the Copyright. Between August 2005 and October 2007, Vicino modified the site content, however the vast majority of the Copyright has been on the site, with a © on each site page, since August 2005. As set forth above, Vicino applied for and received the Copyright in October 2007.

20. Defendants are Plaintiffs' competitors. Both Plaintiffs and Defendants compete for business in the fledgling marketing of fractional ownership in luxury properties. On information and belief, Troop owns, operates, or is otherwise affiliated with LAAF. On information and belief, Troop launched its web site, www.luxuryatafraction.com, in or about July 2007. Plaintiffs contend the unauthorized reproduction of Plaintiffs' copyrighted material initially occurred in or about July 2007, and continued until at least December 2007.

///

21. In or about mid-2007, Jeff McDermott, a sales representative for FVI in the greater Los Angeles area, met with LAAF at LAAF's offices. LAAF had FVI's web site printed out on the table of the conference room in which the parties met. Each of the printed pages contained the following statement on the page: "Copyright © All Rights Reserved Fractional Villas, Inc. 2005-2007." Around this time (i.e., mid-2007), Vicino and FVI discovered that a significant portion of the material on www.fractionalvillas.com had been copied and was being used on www.luxuryatafraction.com.

22. Defendants have infringed Plaintiffs' copyright registration of United States Copyright No. TX-6-613-055 by reproducing the work protected by the Copyright and incorporating that work, or portions thereof, into Defendants' web sites.

23. Defendants do not have permission or license from any or all of Plaintiffs to use any portion of the Copyright protected by United States Copyright Registration No. TX-6-613-055.

24. Defendants have derived and are deriving economic benefit from the infringement of United States Copyright Registration No. TX-6-613-055, and Plaintiffs, and each of them, have been damaged and continue to be damaged by Defendants' infringement.

25. Plaintiffs allege that Defendants are aware their web site infringes the Copyright. Nevertheless, Defendants have blatantly usurped not only Plaintiffs' concept, but have also chosen to simply take the content off of FVI's web site and to claim it as their own. To compound matters, Defendants have targeted FVI's potential customers, intentionally creating confusion and deception with these prospective customers, while creating goodwill for Defendants' business and severely damaging Plaintiffs' goodwill with its prospective customers and clients.

**FIRST CAUSE OF ACTION: INFRINGEMENT OF U.S. COPYRIGHT NO. TX-6-613-055**

**AS AGAINST ALL DEFENDANTS**

26. Plaintiffs incorporate by reference the paragraphs as set forth above.

27. Effective October 11, 2007, U.S. Copyright No. TX-6-613-055 ("the Copyright"), entitled "Fractional Villas.com website (www.fractionalvillas.com)," was duly and legally issued to Plaintiffs ROBERT K. VICINO and FRACTIONAL VILLAS, INC. FVI is the sole and exclusive licensee of the Copyright. FVI is in the business of marketing, advertising, and selling fractional ownership in luxury properties, primarily through the aforementioned web site.

28. Plaintiffs are the owners in fact of all rights to the Copyright.

29. Defendants LAAF and Troop are engaged in the the business of marketing, advertising, and selling fractional ownership in luxury properties by way of www.luxuryatafraction.com, a web site that was built, designed, and constructed using material and content that is the subject of the Copyright, and without the authorization of Plaintiffs. Defendants have reproduced the work protected by the Copyright and incorporated that work, or significant portions thereof, into Defendants' Internet site and/or Internet sites under Defendants' dominion and control

30. By committing the acts alleged herein, including but not limited to reproducing the work protected by the Copyright and incorporating that work, or significant portions thereof, into Defendants' Internet site and/or Internet sites under Defendants' dominion and control, Defendants have infringed, induced, and/or contributed to the infringement of the Copyright.

31. Upon information and belief, Plaintiffs allege that Defendants' infringement, inducement of infringement, and/or contributory infringement of the Copyright has been willful, deliberate, knowing, and with wanton disregard of Plaintiffs' ownership of the Copyright.

32. Upon information and belief, Plaintiffs allege that Defendants will continue to infringe, continue to induce others to infringe, and/or continue to contributorily infringe the Copyright to Plaintiffs' irreparable damage unless enjoined by this court.

33. Plaintiffs have been damaged by the foregoing infringing acts of Defendants. The exact amount of such damages can be determined upon an accounting.

## SECOND CAUSE OF ACTION: FEDERAL UNFAIR COMPETITION VIOLATIONS
## AS AGAINST ALL DEFENDANTS

34. Plaintiffs incorporate by reference the paragraphs as set forth above.

35. This court has jurisdiction of this action under its supplemental jurisdiction authority pursuant to 18 U.S.C. § 1338(b) to hear Plaintiffs' related federal claim of unfair competition that arises out of the same operative facts as the federal copyright infringement claim set forth above.

///

///

///

FIRST AMENDED COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF

36. Plaintiffs are informed and believe and on that basis allege that Defendants' intentional infringement of the Copyright constitutes unfair competition under federal law. On information and belief, Plaintiffs contend that Troop's officers, directors, and/or managing agents, including but not limited to Tony Hershman, Bryan Sexauer, Deborah Tyhurst, and/or Toni Sessa-Lake, expressly directed and/or ratified Defendants' decision to publish and thereupon infringe Plaintiffs' copyrighted materials.

36. After deciding to infringe upon Plaintiffs' copyrighted materials, Defendants, at the direction of the aforementioned officers, directors, and/or managing agents, sent a marketing email to hundreds of real estate brokers in the Southern California market. The marketing email directed these brokers to review Defendants' web site. Plaintiffs have been informed by brokers who reviewed this "email blast," and the infringing web site hyperlinked therein, that such communications were confusing and that these brokers did not understand what, if any, differences existed between Plaintiffs' fractional ownership program and Defendants' fractional ownership program. Plaintiffs lost a substantial amount of business as a result of this confusion, and Defendants have unduly profited, both in terms of actual profits and in market and brand recognition, as a result of these malicious and oppressive practices.

37. By reason of the conduct alleged herein, Defendants are guilty of malice, oppression, and willful disregard of the rights of Plaintiffs.

38. Defendants' unlawful, unfair, deceptive and fraudulent business practice constitutes despicable, outrageous, oppressive, and malicious conduct under California Civil Code § 3294, and thereby justifies an award of exemplary and punitive damages against Defendants, and each of them as federal law allows for the importation of state punitive damages statutes where the federal claim is tortious in nature. Moreover, Defendants' acts were undertaken at the express direction of Troops' officers, directors, and/or managing agents, as set forth more particularly above, and/or were ratified by these same agents.

38. Even after being served with the initial complaint in this matter, Defendants maintained their infringing web site for a minimum of two months time, wholly disregarding Plaintiffs' rights under the Copyright.

/ / /

/ / /

FIRST AMENDED COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF

39. As a direct and proximate cause of Defendants' wrongful conduct, Plaintiffs have sustained and will sustain injury to their business and property in an amount not yet precisely ascertainable but including the loss of sales of their products and loss of reputation and goodwill.

### THIRD CAUSE OF ACTION: CALIFORNIA UNFAIR COMPETITION VIOLATIONS
### AS AGAINST ALL DEFENDANTS

40. Plaintiffs incorporate by reference the paragraphs as set forth above.

41. This court has jurisdiction of this action under its supplemental jurisdiction to hear Plaintiffs' related claim of unfair competition that arises out of the same operative facts as the federal claims set forth above.

42. Plaintiffs' state claim is based upon Cal. Business & Professions Code §§ 17200 et seq.

43. Plaintiffs are informed and believe and thereon allege that Defendants' intentional infringement of the Copyright, and the subsequent "email blast" to publish the infringing site to FVI's prospective clients, is an unlawful, unfair, and/or fraudulent business act or practice and constitutes unfair competition under California state law. Defendants have started a business to directly compete with Plaintiffs' business by creating a web site to market and advertise Defendants' business, and ultimately to drive Defendants' sales, taking from Plaintiffs not only the concept of fractional ownership of luxury properties, but also directly stealing and copying copyrighted material from Plaintiffs' web site. Moreover, Defendants have reproduced the work protected by the Copyright and incorporated that work, or significant portions thereof, into Defendants' Internet site and/or Internet sites under Defendants' dominion and control. Thereafter, Defendants intentionally confused Plaintiffs' target clients by sending an "email blast" to hundreds of real estate brokers in the Southern California market.

44. Plaintiffs are informed and believe and thereon allege that Defendants acts as alleged herein constitute unfair, deceptive, untrue, and misleading advertising in that Defendants represent to the public the web site www.luxuryatafraction.com is comprised of unique material copyrighted by Defendants when, in fact, Defendants have reproduced the work protected by the Copyright and incorporated that work, or significant portions thereof, into Defendants' Internet site and/or Internet sites under Defendants' dominion and control when, in fact, such work is in fact copyrighted by Plaintiffs and which has been existing on Plaintiffs' web site since August 2005.

45. Defendants' unlawful, unfair, deceptive, and fraudulent business practice and unfair, deceptive, untrue, and misleading advertising constitutes despicable, outrageous, oppressive, and malicious conduct under California Civil Code § 3294 and justifies an award of exemplary and punitive damages against Defendants, and each of them.

46. As a direct and proximate cause of Defendants' wrongful conduct, Plaintiffs have sustained and will sustain injury to their business and property in an amount not yet precisely ascertainable but including the loss of sales of luxury properties and loss of reputation and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray this court enter judgment against Defendants as follows:

1. That a temporary restraining order and, subsequently, that a preliminary injunction be granted enjoining Defendants and all those in privity with Defendants during the pendency of this action from further infringement of U.S. Copyright Registration No. TX-6-613-055 ;

2. That a permanent injunction be granted perpetually enjoining Defendants from further infringement of U.S. Copyright Registration No. TX-6-613-055 ;

3. That a temporary restraining order and, subsequently, that a preliminary injunction be granted enjoining Defendants and all those in privity with Defendants during the pendency of this action from advertising, displaying, or broadcasting over the Internet a web site which reproduces the Copyright or any derivation thereof, or which by imitation or other similarity to those of the Copyright are likely to cause confusion, mistake, dilution, or persons to be deceived into the belief that Defendants' services are Plaintiffs' services or that Defendants and their services are authorized, endorsed, or sponsored by Plaintiffs;

4. That a permanent injunction be granted perpetually enjoining Defendants and all those in privity with Defendants from advertising, displaying, or broadcasting over the Internet a web site which infringes on the Copyright, or any derivation thereof, or which by imitation or other similarity to that of Plaintiffs is likely to cause confusion, mistake, dilution, or persons to be deceived into the belief that Defendants' services are Plaintiffs' services or that Defendants and their services are authorized, endorsed, or sponsored by Plaintiffs;

///

5. That a judgment be entered that Defendants have infringed, actively induced others to infringe, and/or contributorily infringed U.S. Copyright Registration No. TX-6-613-055 ;

6. That a judgment be entered that Defendants be required to pay over to Plaintiffs all damages sustained by Plaintiffs due to Defendants intentional, willful, and malicious infringement of U.S. Copyright Registration No. TX-6-613-055, such damages as this court shall deem just and proper within the provisions of the Copyright Act, but not less than $150,000 for each separate infringement of Plaintiffs' copyright;

7. That all gains, profits, and advantages derived by Defendants from their acts of infringement and other violations of law be deemed held in constructive trust for the benefits of Plaintiffs;

8. That Defendants, and each of them, account to Plaintiffs for their profits and any damages sustained by Plaintiffs arising from the foregoing acts of infringement;

9. That punitive damages be awarded;

10. That costs and prejudgment interest be awarded on all damages;

11. That Plaintiffs be awarded their attorneys' fees as available under the Copyright Act, 17 U.S.C. §§ 101 et seq. and California Business & Professions Code §§ 17200 et seq.

12. That an order be entered requiring Defendants to deliver up to be impounded during the pendency of this action all copies of copyrighted material in Defendants' possession and infringing U.S. Copyright Registration No. TX-6-613-055 ;

13. That Defendants be required to file with the court within 30 days after entry of final judgment of this cause a written statement under oath setting forth the manner in which Defendants have complied with final judgment;

14. That Plaintiffs be awarded such other and further relief as the court deems appropriate.

Dated: January 28, 2008                     Law Offices of Henry Harmeling IV, APC

_____
Henry Harmeling IV
Attorneys for Plaintiffs ROBERT K. VICINO and FRACTIONAL VILLAS, INC.

10

FIRST AMENDED COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: January 28, 2008

Law Offices of Henry Harmeling IV, APC

_____
Henry Harmeling IV
Attorneys for Plaintiffs ROBERT K. VICINO and FRACTIONAL VILLAS, INC.

LAW OFFICES OF HENRY HARMELING IV, APC
550 W. C St., Suite 2000
San Diego, California 92101
Telephone: (619) 814-3505
Facsimile: (858) 408-2405

FIRST AMENDED COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF