DON E. LANSON, SBN 163414
MANFREDI, LEVINE, ECCLES & MILLER, APC
3262 E. Thousand Oaks Blvd., Suite 200
Westlake Village, CA 91362-3400
Tele: (805) 379-1919/ Fax: (805) 379-3819

Attorneys for Defendant,
TROOP REAL ESTATE, INC.
dba LUXURY AT A FRACTION

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT K. VICINO, an individual; and FRACTIONAL VILLAS, INC., a California corporation,<br><br>    Plaintiffs,<br>vs.<br><br>LUXURY AT A FRACTION, an unknown entity; and TROOP REAL ESTATE, INC., a California corporation; and, DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No.: 07CV 2185 W CAB<br><br>JUDGE: The Hon. Thomas J. Whelan<br><br>**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Defendant TROOP REAL ESTATE, INC. dba LUXURY AT A FRACTION ("Defendant"), by and through their undersigned counsel of record, as and for an Answer to the First Amended Complaint (the "Complaint") filed by ROBERT K. VICINO and FRACTIONAL VILLAS, INC. (collectively, "Plaintiffs"), hereby respond as follows:

## PARTIES

1.   Answering paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained in paragraph 1.
///

2. Answering paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained in paragraph 2.

3. Answering paragraph 3 of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

4. Answering paragraph 4 of the Complaint, Defendant admits that it is a corporation organized and existing under the laws of the State of California and has its principal place of business at 3200 Los Angeles Ave., Simi Valley, California. Except as so admitted, Defendant denies, generally and specifically, each and every allegation contained in paragraph 4, including the allegation that Defendant is doing business in the Southern District of California.

5. Answering paragraph 5 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained in paragraph 5.

## JURISDICTION

6. Answering paragraph 6 of the Complaint, Defendant admits that this Court has subject matter jurisdiction generally, but denies that Plaintiffs have any cognizable claims.

7. Answering paragraph 7 of the Complaint, Defendant admits that the United States District Court has jurisdiction over the claims asserted in the Complaint, but denies that Plaintiffs have any cognizable claims and that the Southern District of California is the proper jurisdiction/venue for this matter.

8. Answering paragraph 8 of the Complaint, Defendant denies generally and specifically, each and every allegation contained therein.

## VENUE

9. Answering paragraph 9 of the Complaint, Defendant denies that venue is proper in this district and, further, denies that Plaintiffs have any cognizable claims or are entitled to any recovery under the claims contained in the Complaint.

## ALLEGATIONS IN SUPPORT OF ALL CLAIMS

10.     Answering paragraph 10 of the Complaint, Defendant admits that there is a purported certificate of copyright registration identified as "TX-6-613-055" attached to the Complaint as Exhibit "A" which speaks for itself, but Defendant is without sufficient knowledge or information as to the truth of the remaining allegations contained in this paragraph, and on that basis denies, generally specifically, each and every other allegation contained in paragraph 10.

11.     Answering paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies, generally and specifically, each and every allegation contained in paragraph 11.

12.     Answering paragraph 12 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies, generally and specifically, each and every allegation contained in paragraph 12.

13.     Answering paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies, generally and specifically, each and every allegation contained in paragraph 13.

14.     Answering paragraph 14 of the Complaint, Defendant admits that it was and is the owner of the website having URL www.luxuryatafraction.com.

15.     Answering paragraph 15 of the Complaint, Defendant denies, generally and specifically, the allegations contained in paragraph 15 of the Complaint.

16.     Answering paragraph 16 of the Complaint, Defendant admits that Plaintiffs have not expressly granted Defendant permission or given Defendant a license to use material purportedly owned or controlled by Plaintiffs.  Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies,

1 | generally and specifically each and every other allegation contained in paragraph 16.

17. Answering paragraph 17 of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

18. Answering paragraph 18 of the Complaint, Defendant admits that the website with URL www.luxuryatafraction.com can be indexed by search engines Google and Yahoo. Except as so admitted, Defendant denies, generally and specifically, each and every allegation contained in paragraph 18.

19. Answering paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained in paragraph 19.

20. Answering paragraph 20 of the Complaint, Defendant admits that it markets fractional ownership interests in luxury properties and that it launched the website with URL www.luxuryatafraction.com in or about July, 2007. Except as so admitted, Defendant denies, generally and specifically, each and every allegation in paragraph 20.

21. Answering paragraph 21 of the Complaint, Defendant admits that it met with an individual purporting to be a representative of Plaintiffs in or about mid-2007. Except as so admitted, Defendant denies, generally specifically, each and every other allegation contained in paragraph 21.

22. Answering paragraph 22 of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

23. Answering paragraph 23 of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

24. Answering paragraph 24 of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

25. Answering paragraph 25 of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

/ / /

# FIRST CAUSE OF ACTION:
# INFRINGEMENT OF U.S. COPYRIGHT

26. Defendant hereby repeats and incorporates all admissions and denials detailed hereinabove in paragraphs 1 through 25, inclusive, as if set forth fully herein.

27. Answering paragraph 27 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained in paragraph 27.

28. Answering paragraph 28 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained in paragraph 28.

29. Answering paragraph 29 of the Complaint, Defendant admits that it markets fractional ownership interests in luxury properties through the website with URL www.luxuryatafraction.com. Except as so admitted, Defendant denies, generally and specifically, each and every other allegation contained therein.

30. Answering paragraph 30 of the Complaint, Defendant denies, generally specifically, each and every allegation contained therein.

31. Answering paragraph 31 of the Complaint, Defendant denies, generally specifically, each and every allegation contained therein.

32. Answering paragraph 32 of the Complaint, Defendant denies, generally specifically, each and every allegation contained therein.

33. Answering paragraph 33 of the Complaint, Defendant denies, generally specifically, each and every allegation contained therein.

# SECOND CAUSE OF ACTION: FEDERAL UNFAIR
# COMPETITION VIOLATIONS

34. Defendant hereby repeats and incorporates all admissions and denials detailed hereinabove in paragraphs 1 through 33, inclusive, as if set forth fully herein.

35. Answering paragraph 35 of the Complaint, Defendant admits that this Court has subject matter jurisdiction to hear Plaintiffs' federal claim of unfair

competition, but denies that Plaintiffs have any cognizable claims or are entitled to any recovery under the claims contained in the Complaint.

36. Answering paragraph 36 of the Complaint, Defendant denies, generally specifically, each and every allegation contained therein.

37. Answering paragraph 37 of the Complaint, Defendant denies, generally specifically, each and every allegation contained therein.

38. Answering paragraphs 38 of the Complaint, Defendant denies, generally specifically, each and every allegation contained therein.

39. Answering paragraph 39 of the Complaint, Defendant denies, generally specifically, each and every allegation contained therein.

### THIRD CAUSE OF ACTION: CALIFORNIA UNFAIR COMPETITION VIOLATIONS

40. Defendant hereby repeats and incorporates all admissions and denials detailed hereinabove in paragraphs 1 through 39, inclusive, as if set forth fully herein.

41. Answering paragraph 41 of the Complaint, Defendant admits that this Court has subject matter jurisdiction to hear Plaintiffs' state claim of unfair competition, but denies that Plaintiffs have any cognizable claims or are entitled to any recovery under the claims contained in the Complaint.

42. Paragraph 42 merely states that the third cause of action is based on California Business & Professions §§ 17200 et seq., and, therefore, this legal assertion does not require a denial or admission.

43. Answering paragraph 43 of the Complaint, Defendant denies, generally specifically, each and every allegation contained therein.

44. Answering paragraph 44 of the Complaint, Defendant denies, generally specifically, each and every allegation contained therein.

45. Answering paragraph 45 of the Complaint, Defendant denies, generally specifically, each and every allegation contained therein.

///

46. Answering paragraph 46 of the Complaint, Defendant denies, generally specifically, each and every allegation contained therein.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each purported claim for relief alleged therein, fails to state facts upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs' claims are barred by the right to freedom of speech and expression guaranteed, *inter alia*, by the Constitution of the United States.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs' claims are barred in whole or in part on the grounds that Plaintiffs do not own or control the copyright alleged in the Complaint, and as such lack standing to pursue any claims arising from the allegedly unauthorized reproduction of any work covered by the copyright.

### FOURTH AFFIRMATIVE DEFENSE

4. The Complaint, and each purported claim for relief alleged therein, is barred as against Defendant, because any revenues or profits derived by Defendant from the alleged infringement of Plaintiffs' copyright rights and constituting the basis for their damage claim are attributable to factors other than the alleged infringement.

### FIFTH AFFIRMATIVE DEFENSE

5. In the unlikely event that the Court finds that Defendant is liable for copyright infringement, such infringement would have been with innocent intent and with the good faith belief that such conduct did not constitute an infringement of copyright.

### SIXTH AFFIRMATIVE DEFENSE

6. The Complaint, and each purported claim for relief alleged therein, is barred as against Defendant, because Defendant's conduct constituted the lawful exercise of its legal rights, which does not violate the Copyright Act or any other law.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiffs are barred from obtaining any relief sought in the Complaint because they are misusing their intellectual property rights, if any, by unreasonably and unlawfully attempting to enforce them beyond the scope of such rights.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Venue is improper as to this Defendant.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiffs' claims are barred in whole or in part on the grounds that the alleged copyright material lacks sufficient originality or creativity to constitute copyrightable work.

**TENTH AFFIRMATIVE DEFENSE**

10. The Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of unclean hands and copyright misuse.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiffs are estopped by their course of conduct from pursuing the claims alleged in the Complaint and each purported claim for relief contained therein.

**TWELFTH AFFIRMATIVE DEFENSE**

12. By their course of conduct, Plaintiffs have waived the claims asserted in the Complaint, and each purported claim for relief contained therein.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. The Complaint, and each purported claim for relief contained therein, is barred by the doctrine of laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiffs have failed to mitigate their damages, if any, as required by law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. By their own conduct, acts or omissions, Plaintiffs consented or acquiesced to Defendant's conduct, acts or omissions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     Plaintiffs have suffered no damages due to Defendant's conduct, acts or omissions.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     Plaintiffs are not entitled to an award of attorneys' fees under any of the claims asserted in the Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.     Defendant alleges on information and belief that the damages, if any, that were allegedly sustained by Plaintiffs as a result of the acts contained in the Complaint were caused in whole or in part or were contributed to by reason of the acts, omissions, negligence, and/or intentional misconduct of third parties, including Plaintiffs, over which Defendant had no control.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.     The Complaint, and each cause of action contained therein, is barred by the applicable statute of limitations.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     Plaintiffs have failed to act reasonably to mitigate their claimed losses, if any, have failed to act reasonably to cover their claimed losses and have failed to act reasonably to avoid the consequences of the claimed wrongs, and are thus precluded from recovering the amount of damages, if any, that Plaintiffs could reasonably have avoided.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     Plaintiffs are barred from any recovery herein by reason of their unclean hands.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     Plaintiffs would be unjustly enriched if they were able to succeed on its causes of action as against Defendant.

/ / /

1  Defendant has not completed its investigation and discovery regarding the facts
2  and claims asserted by Plaintiffs. Accordingly, Defendant reserves the right to assert
3  such additional affirmative defenses as necessary based on such ongoing investigation
4  and discovery.

**WHEREFORE**, Defendant respectfully requests that this Court:

1. Enter judgment against Plaintiffs and in favor of Defendant;
2. Dismiss the Complaint in its entirety, with prejudice;
3. Decline to award the requested relief;
4. Award Defendant its costs and reasonable attorneys' fees incurred in this action;
5. Grant such other relief as the Court may deem just and proper.

Dated: February 7, 2008                MANFREDI, LEVINE, ECCLES
                                       & MILLER, APC


                                       BY: s/Don E. Lanson
                                       Attorneys for Defendant,
                                       TROOP REAL ETATE, INC. dba
                                       LUXURY AT A FRACTION

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury.

Dated: February 7, 2008                    MANFREDI, LEVINE, ECCLES
                                            & MILLER, APC

                                            BY: s/Don E. Lanson
                                                Attorneys for Defendant,
                                                TROOP REAL ETATE, INC. dba
                                                LUXURY AT A FRACTION

# PROOF OF SERVICE

COUNTY OF VENTURA    )
                     ) ss.
STATE OF CALIFORNIA  )

I, the undersigned, hereby declare that: I am over the age of 18 and not a party to the within action. I am employed in the County of Ventura, State of California. My business address is Manfredi, Levine, Eccles & Miller, APC, 3262 E. Thousand Oaks Boulevard, Suite 200, Westlake Village, California 91362.

On February 7, 2008, I served the foregoing document(s) described as:

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

on the interested parties by placing a true copy thereof in a sealed enveloped addressed as follows:

> Henry Harmeling IV, Esq.
> **LAW OFFICES OF HENRY HARMELING IV, APC**
> 550 W. C St., Suite 2000
> San Diego, CA 92101

in the following manner:

[X] **VIA U. S. MAIL:** I deposited such envelope(s) with postage thereon fully prepaid, in the United States Mail at Westlake Village, California.

[ ] **VIA FACSIMILE:** I delivered said document(s) by facsimile transmission to the above telephone fax number(s).

[ ] **VIA FEDERAL EXPRESS**: I shipped said document(s) FedEx Priority Overnight by Federal Express in an envelope/package designated by Federal Express addressed to the above person(s) to be served.

[ ] **VIA PERSONAL DELIVERY**: I personally delivered such envelope(s) to the offices of the addressee(s) pursuant to CCP § 1011.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration is executed on February 7, 2008, at Westlake Village, California.

_____
Theresa Hertz