UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT K. VICINO, an individual; and FRACTIONAL VILLAS, INC., a California corporation,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>LUXURY AT A FRACTION, an unknown entity; and TROOP REAL ESTATE, INC., a California corporation; and DOES 1 through 25, inclusive,<br><br>　　　　　　　　　　　　Defendants. | Civil No.   07cv2185 W (CAB)<br><br>**NOTICE AND ORDER FOR EARLY NEUTRAL EVALUATION CONFERENCE** |

　　　　IT IS HEREBY ORDERED that an Early Neutral Evaluation of your case will be held on **March 14, 2008**, at **2:00 p.m.** before United States Magistrate Judge Cathy Ann Bencivengo, United States Courthouse, 940 Front Street, Room 1131, San Diego, California.

　　　　**The following are <u>mandatory</u> guidelines for the parties preparing for the Early Neutral Evaluation Conference.**

　　　　1.　　**Purpose of Conference:**  The purpose of the Early Neutral Evaluation Conference ("ENE") is to permit an informal discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case.  All conference discussions will be informal, off the record, privileged and confidential. Counsel for any non-English speaking parties is responsible for arranging for the appearance of an

interpreter at the conference.

2. **Personal Appearance of Parties Is Required:** All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, and the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case.[1]

3. **Full Settlement Authority Required:** In addition to counsel who will try the case, a party or party representative with full settlement authority must be present for the conference. In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer (excluding punitive damage prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the ENE conference (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

Unless there are **extraordinary circumstances,** persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. Requests for excuse from attendance for extraordinary circumstances shall be made in writing at least 48 hours prior to the conference. Failure to appear at the ENE conference will be grounds for sanctions.

4. **Confidential ENE Statements Required:** No later than five court days prior to the ENE, the parties shall submit confidential statements of five pages or less directly to the

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

chambers of Magistrate Judge Bencivengo outlining the nature of the case, the claims, and the defenses. <u>These statements shall not be filed or served on opposing counsel.</u>

5. **<u>New Parties Must Be Notified by Plaintiff's Counsel:</u>** Plaintiff's counsel shall give notice of the ENE to parties responding to the complaint after the date of this notice.

6. **<u>Case Management Under the Amended Federal Rules:</u>** In the event the case does not settle at the ENE, the parties can expect to leave the ENE with Rule 26 compliance dates or deadlines. Parties shall therefore be prepared to discuss the following matters at the conclusion of the ENE conference:

   a. Any anticipated objections under Federal Rule of Civil Procedure 26(a)(1)(E) to the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(A-D);

   b. The scheduling of the Federal Rule of Civil Procedure 26(f) conference within 24 days following the ENE:

   c. The date of initial disclosure and the date for lodging the discovery plan within 14 days following the Rule 26(f) conference; and,

   d. The scheduling of a Case Management Conference pursuant to Federal Rule of Civil Procedure 16(b) within 21 days following the Rule 26(f) conference.

The Court will issue an order following the ENE addressing these issues and setting dates as appropriate.

7. **<u>Requests to Continue an ENE Conference:</u>** Local Rule 16.1(c) requires that an ENE take place within 45 days of the filing of the first answer. Requests to continue ENEs are rarely granted. However, the Court will consider formal, written *ex parte* requests to continue an ENE conference when extraordinary circumstances exist that make a continuance appropriate. In and of itself, having to travel a long distance to appear in person is not "extraordinary." **Absent extraordinary circumstances, requests for continuances will <u>not</u> be considered *unless* submitted in *writing* no less than seven (7) days prior to the scheduled conference.**

///

1  Questions regarding this case or the mandatory guidelines set forth herein may be
2  directed to Judge Bencivengo's law clerk at (619) 557-7688.
3  A Notice of Right to Consent to Trial Before a United States Magistrate Judge is
4  attached for your information.

DATED: February 8, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

**NOTICE OF RIGHT TO CONSENT TO TRIAL
BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c), you are hereby notified that a U.S. Magistrate Judge of this district may, upon the consent of all parties on form1a (available in the clerk's office), conduct any or all proceedings, including a jury or non-jury trial, and order the entry of a final judgment. Counsel for the plaintiff shall be responsible for obtaining the consent of all parties, should they desire to consent.

You should be aware that your decision to consent or not to consent is entirely voluntary and should be communicated solely to the Clerk of Court. Only if all parties consent will the Judge or Magistrate Judge to whom the case has been assigned be informed of your decision.

Judgments of the U.S. Magistrate Judges are appealable only to the U.S. Court of Appeals in accordance with this statute and the Federal Rules of Appellate Procedure.